UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

EDWIN PENA, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

TEKTON CONSTRUCTION, CORP.,

    Defendant.
_____/

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, Edwin Pena ("Plaintiff"), by and through undersigned counsel, on behalf of himself and all employees similarly situated, hereby sues Defendant, Tekton Construction, Corp. ("Defendant"), and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. The Defendant at all times material hereto was doing business within the jurisdiction of the District Court of the Southern District of Florida, where Plaintiff was employed, and at all times material hereto was engaged in interstate commerce.

4. This action is brought by Plaintiff and other similarly situated employees to recover from the Defendant unpaid overtime wages and other relief, as well as an additional amount as

liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq.

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and by Title 29 U.S.C. § 216(b). The Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Defendant has operated an organization which sells and/or markets its services and/or goods and/or materials to customers and also provides its services for goods sold and transported from across state lines.

6. At all times pertinent to this Complaint the Defendant has obtained and solicited funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce.

7. Plaintiff and similarly situated employees are/were employed by Defendant as non-exempt employees to perform non-exempt work as laborers for Defendant at several job locations in Miami-Dade County, Florida.

8. As laborers, Plaintiff's and similarly situated employees' duties involved the construction of building in Miami-Dade County, Florida.

9. To perform their duties, Plaintiff and similarly situated employees were/are supplied tools by the Defendant, including but not limited to drills, hammers, nails, nail guns, saws, tables, and safety equipment. The tools that Defendant provides to Plaintiff and similarly situated employees to complete their work moved in, or were produced for, interstate commerce.

10. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000.00 per annum.

11. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

12. At all times material hereto, Defendant managed, owned and operated a company for profit in Miami-Dade County, Florida and regularly exercised the authority to control the terms and conditions of Plaintiff's employment. For example, Defendant had the ability to hire and fire the Plaintiff, determine the work schedule of the Plaintiff, set the rate of pay of the Plaintiff, and control the finances and operations of its business.

13. By reason of the foregoing, an employment relationship existed between the Plaintiff and Defendant within the meaning of 29 U.S.C. §203(e)(1). Defendant was the employer of Plaintiff and similarly situated employees within the meaning of 29 U.S.C. § 203(d), and was therefore required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

14. Plaintiff was employed by Defendant from approximately February 2015 through October 21, 2016. During his employment, Plaintiff typically worked six (6) days per week, from Monday to Saturday. On a typical week, Plaintiff worked approximately sixty-five hours per week.

15. During the material time period, Plaintiff was paid an hourly rate of $19.00, and worked approximately sixty-five (65) hours per week. Defendant paid Plaintiff a portion of his hourly rate by check, and a portion of his hourly rate by cash.

16. Plaintiff worked in excess of 40 hours every pay period while employed by the Defendant. However, Plaintiff was paid just his regular hourly rate, either by check or cash. Plaintiff did not receive any additional compensation for overtime hours.

17. Plaintiff was not paid overtime wages for overtime hours worked in excess of forty hours weekly as required by the Fair Labor Standards Act. The failure to pay these overtime hours resulted in an overtime violation.

18. Although Defendant was able to keep track of hours worked by Plaintiff and other employees similarly situated, Defendant failed to pay Plaintiff or other similarly situated employees at an overtime rate when working in excess of forty hours a week.

19. Therefore, Defendant willfully failed to pay Plaintiff and similarly situated employees overtime hours at the rate of time and a half their regular rate, in violation of the Fair Labor Standards Act.

## **COUNT I – UNPAID OVERTIME WAGES**

20. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 19 above.

21. At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiff and similarly situated employees performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and similarly situated employees compensation to which they were/are lawfully entitled.

22. Defendant intentionally failed to pay Plaintiff and similarly situated employees overtime wages as Defendant had knowledge of Plaintiff's and similarly situated employees' schedule and the overtime hours worked, and showed reckless disregard by failing to comply with the provisions of the FLSA.

23. Defendant remains owing Plaintiff and similarly situated employees overtime wages, and Plaintiff is entitled to recover double damages pursuant to the FLSA.

24. Plaintiff has retained the law firm of Jonathan S. Minick, P.A. to represent him and has incurred attorneys' fees and costs in bringing this action.

WHEREFORE, Plaintiff and similarly situated employees demand judgment against the Defendant for the payment of compensation for all overtime hours at one and one-half their regular rate of pay for the hours worked for which Plaintiff and similarly situated employees have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

### DEMAND FOR JURY TRIAL

25. Plaintiff and similarly situated employees demand a trial by jury as to all issues so triable.

Dated: January 4, 2017                             Respectfully submitted,

                                                 s/Jonathan S. Minick
                                                 Jonathan S. Minick, Esq.
                                                 FBN:  88743
                                                 E-mail:  jminick@jsmlawpa.com
                                                 Jonathan S. Minick, P.A.
                                                 1850 SW 8th Street, Suite 307
                                                 Miami, Florida 33135
                                                 Phone: (786) 441-8909
                                                 Facsimile: (786) 523-0610
                                                 Counsel for Plaintiff