UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-20037-FAM

EDWIN PENA, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

TEKTON CONSTRUCTION, CORP., and
ALTERNATIVE SUCCESS CORP.

    Defendants.
_____/

## JOINT MOTION FOR IN CAMERA REVIEW AND JUDICIAL APPROVAL OF THE PARTIES' CONFIDENTIAL SETTLEMENT AGREEMENT, AND FOR DISMISSAL WITH PREJUDICE

The Parties, Plaintiff, EDWIN PENA, and Defendants, TEKTON CONSTRUCTION CORP. and ALTERNATIVE SUCCESS CORP. (collectively referred to herein as "Defendants"), by and through the undersigned counsel, hereby jointly respectfully request that the Court review *in camera* and make a fairness finding as to the resolution of this matter among the Parties, approving the terms of the Parties' Confidential Settlement Agreement and dismissing this action with prejudice. In support of this Motion, the Parties state as follows:

### INTRODUCTION

1. On or about February 17, 2017, Plaintiff filed an Amended Collective Action Complaint ("Amended Complaint") against Defendants alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–216 [D.E. 13].

2. From the outset of this case and throughout, counsel for the Parties have engaged in discussions regarding Plaintiff's claims and attempted to resolve the same.

3. After lengthy discussions and without the need to attend mediation, the Parties have reached a resolution of all claims asserted in the Amended Complaint, which is memorialized in a Confidential Settlement Agreement entered into among the Parties.

4. The Parties' Confidential Settlement Agreement evidences that they have reached a fair and reasonable resolution of a bona fide dispute.

5. Plaintiff was formerly employed by Defendant Alternative Success Corp. As indicated above, Plaintiff filed suit claiming he was owed overtime compensation by both Defendant Alternative Success Corp. and Defendant Tekton Construction Corp. under the joint employer theory. Defendants denied Plaintiff's claims.

6. The Parties exchanged initial disclosures, documents, and information. Thereafter, the Parties commenced discussing the possibility of settlement.

7. Given the number of issues presented by the Parties, and notwithstanding the factual and legal defenses that Defendants believe are applicable in this matter, the Parties have agreed to amicably resolve the instant action.

8. To that end, the Parties agreed to resolve Plaintiff's claims for a confidential amount, as reflected in the Parties' Confidential Settlement Agreement.

9. The Parties jointly represent to this Honorable Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendants to properly evaluate the Parties' claims and defenses and make recommendations regarding the resolution of this matter.

10. In sum, the Parties assert that Plaintiff and Defendants have made good faith arguments and that they have reached a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

11. As previously stated, the Parties' Settlement Agreement contains a confidentiality provision.  Accordingly, the Parties respectfully request that the Court conduct an *in camera* review of the Confidential Settlement Agreement, or, in the alternative permit the Parties to file the Agreement under seal, to thereafter be destroyed upon approval by the Court.

12. Moreover, the Parties respectfully request that the Court approve such Agreement, and dismiss with prejudice all claims and causes of action asserted by Plaintiff arising out of the facts forming the subject matter of the above-captioned proceeding, with each party to bear his or its own costs and attorney's fees except as provided pursuant to the parties' Agreement.

## MEMORANDUM OF LAW

### I.     Legal Principles

Pursuant to the case law regarding the resolution of FLSA claims, there are two ways in which claims under FLSA can be resolved and released by employees.  First, 29 U.S.C. 216(c) of the FLSA allows employees to resolve and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c); *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1353, (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may resolve and release FLSA claims against an employer if the parties present the district court with a proposed agreement and the district court

enters an Order approving the agreement. *Id.*; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp*., 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA agreement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354. The resolution of the instant action involves a situation in which the Court may approve the Parties' Agreement to resolve and release each of the Plaintiff's FLSA claims against the Defendants. The proposed Agreement arises out of an action brought by the Plaintiff against his former employer(s), which was adversarial in nature.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed overtime wages. The Parties further agree that the Agreement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendants discussed the Plaintiff's alleged overtime hours and pay rate, calculation of damages, and formulated their own proposed settlement figures. The Parties then engaged in detailed settlement discussions, based upon their independent calculations. The Parties voluntarily agreed to the terms of their Agreement at the conclusion of the negotiations.

## II.   Terms of Agreement

This case involved a claim for unpaid overtime hours pursuant to the FLSA. Plaintiff worked for Defendant Alternative Success Corp. and claimed that he also worked for Defendant Tekton Construction Corp. under a joint employer theory. The Parties had discussions on damages and exchanged information concerning the Plaintiff's status, pay, and time records. This action involves numerous contested issues concerning Plaintiff's claims. Defendants deny and dispute liability. As such, there are bona fide disputes, as described above.

In light of the apparent risk and expense to both Parties in continuing with the litigation, the Parties, through their authorized representatives and counsel of record, have reached a fair and reasonable, confidential settlement. A Confidential Settlement Agreement was negotiated on behalf of all of the Parties, the terms of which reflect a reasonable compromise of the Parties' many disputed issues. The Agreement fairly and reasonably compromises and takes into account each Party's interest, benefits, and rights, pursuant to the criteria and policy considerations set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The Parties, through their attorneys, voluntarily agreed to the terms of the Agreement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and resolution process. The Parties further state that there was no undue influence, overreaching, collusion, or intimidation in reaching the Agreement. Accordingly, the Parties request an *in camera* review of the Agreement, or, in the alternative, request that the Court permit the Parties to file the Agreement under seal, to thereafter be destroyed upon approval by the Court.

## III.   Conclusion

The Parties jointly and respectfully request that this Honorable Court approve the Agreement between the Parties, entering a Final Order Approving the Parties' Confidential

CASE NO.: 1:17-CV-20037-FAM

Settlement Agreement and Dismissing the Entire Case with Prejudice. A proposed order to accomplish: (1) approval of the Confidential Settlement Agreement; and (2) dismissal of this action with prejudice, is submitted herewith and also under separate cover for the Court's convenience.

WHEREFORE, Plaintiff, EDWIN PENA, and Defendants, TEKTON CONSTRUCTION CORP. and ALTERNATIVE SUCCESS CORP. hereby respectfully move for approval of the Confidential Settlement Agreement upon the Court's *in camera* review of the same, entry of an order dismissing this action with prejudice, as well as any other relief deemed just and proper in light of the foregoing.

Respectfully submitted on this 15th day of May, 2017.

| *Counsel for Defendants* | *Counsel for Plaintiff* |
|---|---|
| COLE, SCOTT & KISSANE, P.A.<br>Cole, Scott & Kissane Building<br>9150 S. Dadeland Boulevard<br>Suite 1400<br>Miami, Florida 33156<br>E-Mail: jennifer.ruiz@csklegal.com<br>Telephone: (305) 350-5367<br>Facsimile: (305) 373-2294<br><br>By: s/Jennifer V. Ruiz<br>Jennifer V. Ruiz, Esq.<br>Florida Bar Number: 0042761 | JONATHAN S. MINICK, P.A.<br>1850 SW 8th Street<br>Suite 307<br>Miami, FL 33135<br>E-Mail: jminick@jsmlawpa.com<br>Telephone: (786) 441-8909<br>Facsimile: (786) 523-0610<br><br>By: s/Jonathan S. Minick<br>Jonathan S. Minick<br>Florida Bar Number: 88743 |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2017, I filed the foregoing with the Court using the Clerk's CM/ECF filing system, which will send a notice of filing to all counsel of record.

s/Jennifer V. Ruiz
Jennifer V. Ruiz

JVR
\\mia-file\miadoc\170405_0003\[6243731] motion - joint motion to file settlement agreement.docx